TRIVELLA, FORTE & SMITH, LLP
*Attorneys for the Defendant*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
(914) 949-9075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT SHAW, and RUSSELL SHAW, and JOHN and JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO,

Case Number:
07-CV-10696 (DLC)

**ANSWER TO COMPLAINT**

Plaintiffs,

-against-

RAMSAY IRONWORKS, INC.,

Defendant.
-------------------------------------------------------------------x

**S I R S:**

The defendant, RAMSAY IRONWORKS, INC., (hereinafter referred to as "RAMSAY IRONWORKS" or "defendant"), by its attorneys, TRIVELLA, FORTE & SMITH, LLP, as and for its Answer to the plaintiffs' Complaint dated November 26, 2007, alleges as follows upon information and belief:

1. With respect to paragraph "1" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are denied. The defendant respectfully refers this Court to the statutes for their true content and meaning.

2. With respect to paragraph "2" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are denied and the defendant respectfully refers this Court to the statutes for their true content and meaning.

3. With respect to paragraph "3" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are denied and the defendant respectfully refers this Court to the statute for its true content and meaning.

4. With respect to paragraph "4" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are denied. The defendant respectfully refers this Court to the statutes for their true content and meaning.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint and the defendant respectfully refers this Court to the statutes for their true content and meaning.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint and the defendant respectfully refers this Court to the statutes for their true content and meaning.

8. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "8" of the Complaint and the defendant respectfully refers this Court to the statutes for their true content and meaning.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint and the defendant respectfully refers this Court to the statutes for their true content and meaning.

10. With respect to paragraph "10" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are denied. The defendant respectfully refers this Court to the statutes for their true content and meaning.

11. Admits the allegations as set forth in paragraph "11" of the Complaint.

12. Denies the allegations as set forth in paragraph "12" of the Complaint.

13. Denies the allegations as set forth in paragraph "13" of the Complaint.

14. With respect to paragraph "14" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are denied and the defendant respectfully refers this Court to the statutes for their true content and meaning.

15. The defendant repeats, reiterates and realleges every form of denial and/or admission set forth in the paragraphs marked "1" through "14" of this Answer as if fully set forth herein.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "16" of the Complaint and the defendant respectfully refers this Court to the collective bargaining agreement for its true content and meaning.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint and the defendant respectfully refers this Court to the statutes for their true content and meaning.

18. With respect to paragraph "18" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. The defendant respectfully refers this Court to the collective bargaining agreement, the ERISA statutes and the Trust Agreement for their true content and meaning.

19. With respect to paragraph "19" of the Complaint, the defendant denies knowledge or information to form a belief as to the truth of the allegations. In addition, the defendant respectfully refers this Court to the ERISA statutes for their true content and meaning.

20. With respect to paragraph "20" of the Complaint, the defendant denies knowledge or information to form a belief as to the truth of the allegations. In addition, the defendant respectfully refers this Court to the "Trust Indentures" for their true content and meaning.

21. Denies the allegations as set forth in paragraph "21" of the Complaint.

22. Denies the allegations as set forth in paragraph "22" of the Complaint.

23. The defendant repeats, reiterates and realleges every form of denial and/or admission as set forth in the paragraphs marked "1" through "22" of this Answer as if fully set forth herein.

24. Denies the allegations as set forth in paragraph "24" of the Complaint.

25. Denies the allegations as set forth in paragraph "25" of the Complaint.

26. With respect to paragraph "26" of the Complaint, the allegations contained therein are conclusions of law and plaintiffs' characterization of its case to which no response is required. To the extent that the allegations may be deemed allegations of fact pertaining to the defendant, they are

denied. The defendant respectfully refers this Court to the ERISA statutes for their true content and meaning.

27. Denies the allegations as set forth in paragraph "27" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The claims set forth in the Complaint fail to state a cause of action for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. The defendant has not failed to pay the amounts claimed to the plaintiffs.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. The plaintiffs' claims are barred by the doctrine of laches, waiver and equitable estoppel and legal estoppel.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. Upon information and belief, the plaintiffs are attempting to collect contributions for some individuals that may not have performed bargaining unit work or may not have worked in the jurisdiction of the labor organization, and were not covered by any collective bargaining agreement or fund participation agreement or other obligation to contribute, or for which there is no obligation for the defendant to make contributions, or for which contributions are illegal.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. To the extent the Complaint demands contributions from the defendant where no collective bargaining agreement or other fund participation agreement exists, the Court lacks subject matter jurisdiction over those contributions, the complaint fails to state a claim upon which relief may be granted, and the demand for contributions violates ERISA § 302(c)(5).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34. To the extent the Complaint seeks contributions for a period more than six (6) years prior to the interposition of this action, the Complaint seeks contributions for time periods barred by the applicable Statute of Limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. Any damage to the Funds results from the culpability of the plaintiffs and/or the Union in failing to monitor the Funds and failing to maintain adequate records and otherwise did not result from the defendant's actions.

**WHEREFORE**, having fully answered all the counts of the Complaint, the defendant RAMSAY IRONWORKS respectfully demands judgment:

(a) Dismissing the Complaint in its entirety;

(b) for judgment against the plaintiffs for the costs, attorneys' fees and disbursements of this action; and

(c) for such other and different relief as the Court may deem just and proper.

Dated: White Plains, New York
February 14, 2008

Yours, etc.,
TRIVELLA, FORTE & SMITH, LLP

BY: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
*Attorneys for the Defendant*
*Ramsay Ironworks, Inc.*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075

To:    BRADY, MCGUIRE & STEINBERG, P.C.
Attention: James M. Steinberg, Esquire
*Attorneys for the Plaintiffs*
603 Warburton Avenue
Hastings-on-Hudson, New York 10706
Telephone: (914) 478-4293

# CERTIFICATE OF SERVICE

BRADY, McGUIRE & STEINBERG, P.C.

I hereby certify that on February 15th, 2008, I served the foregoing ANSWER TO COMPLAINT on Brady McGuire & Steinberg, P.C., Attorneys for the Plaintiffs, by electronic mail in the matter of THE ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT SHAW, and RUSSELL SHAW, and JOHN and JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO, v. RAMSAY IRONWORKS, INC., Case Number 07-CV-10696 (DLC).

TRIVELLA, FORTE & SMITH, LLP

BY: RAQUEL A. WILLIAMS, ESQUIRE (RW 4641)
*Attorneys for the Defendant*
1311 Mamaroneck Avenue, Suite 170
White Plains, New York 10605
Telephone: (914) 949-9075

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK                )
                                 ) ss.:
COUNTY OF WESTCHESTER            )

ANNA CHIAROLANZA, being duly sworn, deposes and says:

That I am not a party to this action; am over 18 years of age and reside in Westchester County, New York; that on the 15th day of February, 2008, I served the within ANSWER TO COMPLAINT in the action THE ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO, by its TRUSTEES JAMES T. CALLAHAN, FRANCIS P. DIMENNA, ROBERT SHAW, and RUSSELL SHAW, and JOHN and JANE DOE, as Beneficiaries of the ANNUITY, WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO, v. RAMSAY IRONWORKS, INC., Case Number 07-CV-10696 (DLC) upon:

James M. Steinberg, Esquire
BRADY, McGUIRE & STEINBERG, P.C.
603 Warburton Avenue
Hastings-on-Hudson, New York 10706

by via facsimile and by depositing a true copy of the same enclosed in a post-paid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

ANNA CHIAROLANZA

Sworn to before me this
15th day of February, 2008

Notary Public
RAQUEL A. WILLIAMS
Notary Public, State of New York
No. 02WI6072574
Qualified in Westchester County
Commission Expires April 8, 2010